# EXHIBIT H

# RULE 30(b)(6) DEPOSITION OF TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE

# EXCERPTS

# MCKEE FOODS CORPORATION

vs.

# BFP INC., et al.

# SCOTT MCANALLY, 30(B)(6)

November 22, 2024

Checuga Reporting, Inc.

(615)499-9320

scheduling@checugareporting.com

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF TENNESSEE
 2                     AT CHATTANOOGA
   _____
 3
   MCKEE FOODS CORPORATION,
 4
               Plaintiff,
 5
   vs.                                Case No. 1:21-CV-00279
 6
   BFP INC. D/b/a THRIFTY MED PLUS
 7 PHARMACY, STATE OF TENNESSEE,
   and CARTER LAWRENCE in his
 8 Official Capacity as COMMISSIONER
   OF THE TENNESSEE DEPARTMENT OF
 9 COMMERCE AND INSURANCE,
10              Defendants.
   _____
11

12

13

14

15        Video Recorded Deposition of:

16        SCOTT MCANALLY, as the Department of
          Commerce and Insurance Corporate
17        Representative

18        Taken on behalf of the Plaintiff
          November 22, 2024
19        Commencing at 1:46 p.m. CST

20

21

22
   _____
23
                  Checuga Reporting, Inc.
24              Jenny Checuga, LCR, RPR
            Jennychecuga@Checugareporting.Com
25                   (615)499-9320
```

```
 1              A P P E A R A N C E S

 2
      For the Plaintiff:
 3
           MR. WILLIAM H. PICKERING
 4         Attorney at Law
           Chambliss, Bahner & Stophel, P.C.
 5         605 Chestnut Street
           Chattanooga, TN 37450
 6         (423)756-3000
           wpickering@chamblisslaw.com
 7
           MR. MARK E. SCHMIDTKE
 8         Attorney at Law
           Ogletree, Deakins, Nash,
 9           Smoak & Stewart, P.C.
           56 South Washington Street, Suite 302
10         Valparaiso, IN 46383
           (219)242-8668
11         mark.schmidtke@ogletree.com

12

13    For the Defendants:

14         MR. MICHAEL N. WENNERLUND
           Assistant Attorney General
15         State of Tennessee Financial Division
           P.O. Box 20207
16         Nashville, TN 37202-0207
           (615)741-8950
17         michael.wennerlund@ag.tn.gov

18         MR. WILL KERBY
           MR. ELLIOTT WEBB
19         Attorneys at Law
           Department of Commerce and Insurance
20         500 James Robertson Parkway
           Nashville, TN 37243
21         (615)741-2241
           will.kerby@tn.gov
22         elliott.webb@tn.gov

23
      Also present:
24
           MS. JENNY CHECUGA - Videographer
25
```

```
 1                       EXAMINATION
 2   QUESTIONS BY MR. PICKERING:
 3   Q.    Please state your full name.
 4   A.    Scott Joseph McAnally.
 5   Q.    Mr. McAnally, as the videographer
 6   indicated just before we got started here, this
 7   is what's referred to as a Rule 30(b)(6)
 8   deposition, the deposition is that of the
 9   Department of Commerce and Insurance.  And do
10   you understand that you have been designated as
11   the representative of the Tennessee Department
12   of Commerce and Insurance for purposes of this
13   deposition?
14   A.    Yes.
15              MR. PICKERING:  Let's mark this as
16   Exhibit 1.
17              (WHEREUPON, a document was marked as
18   Exhibit Number 1.)
19   BY MR. PICKERING:
20   Q.    Mr. McAnally, you've been handed what has
21   been marked Exhibit 1 to your deposition, which
22   is a document titled Notice of Rule 30(b)(6)
23   Deposition of Tennessee Department of Commerce
24   and Insurance.
25         Have you seen this document before?
```

1  Bohannons against Medimpact and McKee, the
2  files will reflect what those decisions were.
3  I believe one was decided adverse to the
4  Bohannons and Thrifty Med on the basis of ERISA
5  preemption, and I believe the other two, the
6  files were closed for what was described as
7  mediation efforts having been exhausted.
8       Does that sound correct to you?
9  A.   Yes.
10 Q.   Now, there was one additional complaint
11 not filed by the Bohannons by Thrifty Med, an
12 additional complaint which was included in what
13 we were provided by Mr. Wennerlund, a complaint
14 filed on behalf of Preferred Cherokee Pharmacy;
15 do you recall that complaint?
16 A.   I do.
17 Q.   And do you recall that McKee Foods
18 submitted a fairly detailed response to that
19 complaint?
20 A.   Yes.
21 Q.   And you received that from me, as I
22 recall?
23 A.   Okay.
24 Q.   Does that ring a bell with you?
25 A.   Would it have been in that same period

1  that we've discussed?
2  Q.    It actually would have been in February
3  of 2023.
4  A.    Yes.
5  Q.    And we submitted a fairly detailed
6  letter, which I believe is part of the
7  complaint file.  And to the best of your
8  knowledge, was a decision ever made on that
9  complaint?
10 A.    Not to the best of my knowledge.
11 Q.    Do you know why?
12 A.    No.
13 Q.    When I sent in the response on behalf of
14 McKee on that complaint, you were the person
15 who very kindly acknowledged receipt, what was
16 your role in the handling of that complaint?
17 A.    So for complaints that occurred prior to
18 the beginning of the employment of Dr. Jones, I
19 received, I acknowledged receipt, I categorized
20 them and set them aside for review from his
21 section once he got it up and running.
22 Q.    And I believe that complaint was -- our
23 response to that complaint was actually sent in
24 after early February of 2023, but in any event,
25 the complaint, when it came in, you would have

1  been responsible for getting it started?
 2  A.    Yes.
 3          MR. WENNERLUND:  Just so we're clear,
 4  when you're saying "you," you're saying Scott
 5  McAnally, not the Department.
 6          MR. PICKERING:  That's correct.
 7  BY MR. PICKERING:
 8  Q.    Now, I'll try to be careful.  When I mean
 9  the Department, I'll tray to say the
10  Department, but if I say you, speaking with you
11  during this deposition, I mean Scott McAnally.
12  A.    I understand, thank you.
13  Q.    So on behalf of the Department, why did
14  the Department take no action one way or the
15  other on the complaint of Preferred Cherokee
16  Pharmacy against McKee?
17  A.    The Department was holding all complaints
18  filed in the first period of 2023 until the PBM
19  section was staffed out.
20  Q.    And then once the PBM section was staffed
21  out --
22  A.    Yes.
23  Q.    -- that complaint in particular filed by
24  Preferred Cherokee Pharmacy, or actually its
25  owner Brad Smith, against McKee Foods was then

```
 1  part of the Department's files, correct?
 2  A.    Yes.
 3         MR. WENNERLUND:  Chad Smith.
 4         MR. PICKERING:  I'm sorry, Chad
 5  Smith.  What did I say?
 6         MR. WENNERLUND:  Brad.
 7         MR. KERBY:  Brad.
 8         MR. PICKERING:  Chad Smith is
 9  correct.
10  BY MR. PICKERING:
11  Q.    That complaint was part of the
12  Department's files once Mr. Jones and his
13  section of PBM Compliance got under way doing
14  their job?
15  A.    Yes.
16  Q.    And so on behalf of the Department, I'm
17  asking you this question for the Department,
18  once Mr. Jones's section of PBM Compliance was
19  operational, once they were ready to begin
20  their work, why did the Department take no
21  action on that complaint?
22  A.    I don't know what action the Department
23  took after the PBM section was created.
24  Q.    And again, you are here as the designated
25  witness for the Department and it's your
```

```
 1  obligation to testify as to what knowledge the
 2  Department has.  And so why would the
 3  Department have not taken any action on that
 4  complaint?
 5  A.    If the Department has still not acted on
 6  the complaint, then I would view it as the
 7  Department is still reviewing the complaint.
 8  Q.    Do you know?
 9  A.    No.
10  Q.    Even though you're here as the designated
11  representative to testify on these topics,
12  you're saying now you don't know the answer to
13  that question?
14  A.    Yes.
15  Q.    Did the Department decide not to make
16  decisions or to delay any decisions on any
17  complaints in which the respondent alleged that
18  the Tennessee laws were preempted by ERISA?
19  A.    Not to my knowledge.
20  Q.    Are you aware of a single complaint filed
21  with the Department under Public Chapter 569 or
22  Public Chapter 1070 or any combination of the
23  two, are you aware of a single complaint in
24  which the respondent alleged ERISA preemption
25  in which the Department made a decision?
```

1  A.    Yes.
2  Q.    -- reads, "The Department's decisions or
3  intentions to enforce or not enforce Tennessee
4  Code Annotated Title 56, Chapter 7, Parts 31
5  and 32 and/or the Department's rules, as
6  amended, set forth in Chapter Number 0780-01-95
7  of the Tennessee Rules and Regulations against
8  PBMs, employers, self-insured entities, welfare
9  benefit plans, included but not limited to
10 ERISA-governed plans, or other Covered
11 Entities."
12       What can you tell me about that subject?
13 A.    Would be a similar response to the one I
14 gave earlier, the PBM enforcement section would
15 function as -- is designed to function
16 similarly to our Consumer Insurance Services
17 section.
18 Q.    And it's -- and I'm -- I appreciate that,
19 it's possible you're not really understanding
20 the question here, but the Department's
21 decisions or intentions, either to enforce or
22 not enforce these laws or regulations, is it
23 your understanding -- let me back up some.
24       Is it your testimony as the
25 representative of the Department that the

1  Department intends to fully enforce these laws
2  and regulations against PBMs, self-insured
3  entities, ERISA-governed plans, all of the
4  types of entities listed in this item five, is
5  it the Department's position that all of
6  these -- that these laws will be fully enforced
7  against these entities?
8  A.    Yes.
9  Q.    And that would include ERISA-governed
10 plans, correct?
11 A.    To the extent they're in the definition
12 of Covered Entities, yes.
13 Q.    And they are in the definition, right?
14 A.    Yes.
15 Q.    Item six is, "Communications between the
16 Department and members of the General Assembly
17 and/or their staffs regarding the enforcement
18 or nonenforcement of Parts 31 and 32 in the
19 statutes contained therein and/or the
20 Department's Rules against PBMs, employers,
21 self-insured entities, welfare benefit plans,
22 included but not limited to any ERISA-governed
23 plans, or any other Covered Entities."
24     Tell me what communications exist on that
25 subject.

```
 1                    REPORTER'S CERTIFICATE
 2
 3   STATE OF TENNESSEE
 4   COUNTY OF SUMNER
 5           I, JENNY CHECUGA, Licensed Court Reporter,
 6   with offices in Nashville, Tennessee, and Registered
 7   Professional Reporter, hereby certify that I reported
 8   the foregoing video recorded deposition of SCOTT
 9   MCANALLY, as the Department of Commerce and Insurance
10   Corporate Representative by machine shorthand to the

11   best of my skills and abilities, and thereafter the

12   same was reduced to typewritten form by me.

13           I further certify that I am not related to

14   any of the parties named herein, nor their counsel,

15   and have no interest, financial or otherwise, in the

16   outcome of the proceedings.

17           I further certify that in order for this
     document to be considered a true and correct copy, it
18   must bear my original signature and that any
     unauthorized reproduction in whole or in part and/or
19   transfer of this document is not authorized, will not
     be considered authentic, and will be in violation of
20   Tennessee Code Annotated 39-14-104, Theft of
     Services.
21

22
             JENNY CHECUGA, LCR, RPR
23           Checuga Reporting, Inc.
             Licensed Court Reporter (TN)
24           Notary Public State of Tennessee

25           My Notary Commission Expires:  5/18/2027
             LCR #690 - Expires:  6/30/2026
```