# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| **MCKEE FOODS CORPORATION,**  <br><br> Plaintiff,  <br> v.  <br><br> **BFP INC. d/b/a THRIFTY MED PLUS PHARMACY and CARTER LAWRENCE** in his Official Capacity as **COMMISSIONER OF THE TENNESSEE DEPARTMENT OF COMMERCE AND INSURANCE,**  <br><br> Defendants. | **Case No.: 1:21-CV-00279**  <br><br> **JUDGE ATCHLEY**  <br><br> **MAGISTRATE JUDGE LEE** |

**UNOPPOSED MOTION OF THE ERISA INDUSTRY COMMITTEE FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

The ERISA Industry Committee ("ERIC") respectfully moves for leave to file a brief as *amicus curiae* ("*amicus*") in the above-captioned case in support of Plaintiff McKee Foods Corporation's ("McKee") motion for summary judgment. The proposed *amicus* brief is attached as Exhibit A. All parties (McKee and Defendants BFP Inc. d/b/a Thrifty Med Plus Pharmacy ("Thrifty Med") and Carter Lawrence, in his Official Capacity as Commissioner of the Tennessee Department of Commerce and Insurance (the "Commissioner")) have consented to the filing of ERIC's proposed *amicus* brief.

## GROUNDS FOR MOTION

Although there is no rule or statute prescribing the procedure for filing an amicus brief in the district courts, courts in the Sixth Circuit, including this one, *see* Order, *Tennessee v. U.S. Dept. of Educ.*, Case No. 3:21-cv-308, ECF No. 84 (June 28, 2022), have recognized that requests for leave to file an *amicus* brief are governed by Federal Rule of Appellate Procedure 29 ("Rule 29"). *See Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *5, n.2 (E.D. Mich. Mar. 21, 2022); *Triad Int'l Maint. Corp. v. S. Air Transp., Inc.*, No. 2:04-CV-1200, 2005 WL 1917512, at *1 (S.D. Ohio Aug. 10, 2005). Rule 29 states in relevant part that "*amicus curiae* may file a brief only by leave of court **or if the brief states that all parties have consented to its filing**[.]" Rule 29(a)(2)(emphasis added). As stated above, all parties have consented to the filing of ERIC's *amicus* brief.[1]

Even setting aside the parties' consent, the Court should grant ERIC leave to file its proposed *amicus* brief. ERIC has a helpful perspective on the concerns of multi-state employers

---

[1] Further, ERIC submits this motion and its proposed *amicus* brief within seven days after the filing of McKee's motion for summary judgment, in compliance with Rule 29(a)(6).

1

who rely on ERISA preemption in order to design and operate their employee-benefit plans efficiently and cost-effectively. ERIC is actively involved with the development of the law in this space, including regulatory work and the filing of amicus briefs and complaints in cases involving ERISA preemption issues. ERIC's *amicus* brief will aid the Court in evaluating the issues raised in this case, which affect all ERISA prescription-drug plan sponsors with plan participants in Tennessee.

## I. ERIC Has A Unique And Helpful Perspective On How ERISA Preemption Affects Employers That Sponsor Benefit Plans Governed By ERISA.

A court should permit the filing of an *amicus* brief where, as here, the *amicus* has "an important interest and a valuable perspective on the issues presented." *United States v. Columbus*, No. CIV.A. 2:99-CV-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)). District courts "have broad discretion" to assess whether *amicus* participation will be "of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011); *see also Protect our Land & Rts. Def. Fund v. Enbridge Energy, Ltd. P'ship*, No. 12-14161, 2012 WL 5288135, at *1 (E.D. Mich. Oct. 25, 2012).

ERIC aims to provide those insights here by virtue of its unique membership, which represents America's largest employer-sponsored benefit plans. ERIC is a national nonprofit organization exclusively representing approximately 100 large employers throughout the United States in their capacity as sponsors and administrators of employee benefit plans for tens of millions of their nationwide employees and their families. *See* https://www.eric.org/about-eric/ (last visited January 7, 2025). With member companies that are leaders in every sector of the economy, ERIC is the voice of large employer plan sponsors, administrators and fiduciaries on

federal, state, and local public policies impacting their ability to offer benefit plans and to see to their sound administration, for millions of active and retired workers, as well as their families.

All of ERIC's member employers sponsor prescription-drug benefit plans that are governed by ERISA. One of the most attractive features of ERISA is the ability it affords employee health benefit programs—especially those which are self-insured—to conform to the perceived needs of an employer's workforce. ERISA accomplishes this goal by exempting these plans from state regulation that interferes with plan design and administration. Preemption creates a strong incentive for employers to establish, customize and maintain employee health benefit plans. This incentive is particularly meaningful to employers that operate in multiple states. Enforcing ERISA's preemption of state laws that interfere with the design and administration of ERISA-covered employee benefit plans is critical not just to ERIC's members but to all ERISA plan sponsors.

ERIC's collective knowledge about the design and management of health plans (and prescription-drug plans in particular), the importance of ERISA preemption to plan sponsors and administrators, and the impact of state legislative attempts to regulate plan design and benefits, extends beyond any single party in a particular case. The ERISA preemption concerns raised in this case extend far beyond the underlying dispute between McKee and Thrifty Med.

ERIC seeks to provide this Court with a broader perspective on the reasons for and implications of ERISA preemption in the context of prescription-drug plan structure, design, administration, and the fulfillment of ERISA's fiduciary requirements. ERIC's *amicus* brief includes detailed discussion of the multiple factors that plan sponsors consider in designing prescription-drug plans, the role of pharmacy networks, the importance of participant cost-sharing, and the freedom of ERISA plan sponsors to design cost-effective plans for their unique participant

populations. The brief also addresses how the challenged provisions of the Tennessee Law (i) interfere with the design and administration of prescription-drug plans; (ii) undermine uniform administration of employee benefit plans for plan sponsors that operate in multiple states, including Tennessee; (iii) conflict with Congress's intent in preserving the freedom of ERISA plan sponsors to design their benefit plans as they deem appropriate without having to master the relevant laws of multiple states; and (iv) conflict with ERISA's fiduciary provisions. This perspective is important for the Court to consider as it evaluates the implications for ERISA plan sponsors, administrators and participants in self-funded ERISA plans if the Tennessee Law at issue survives preemption.

## II. ERIC Is Actively Involved With The Development Of The Law Involving ERISA Preemption.

ERIC is well positioned to provide the Court with the perspective discussed above given the extensive experience of ERIC's members in both health-plan management and ERISA litigation. ERIC regularly submits comment letters to Congress and government agencies about issues that impact employer-sponsored benefit plans[2] and provides testimony to the Department of Labor's standing ERISA Advisory Council.[3] Indeed, ERIC specializes in providing guidance and advocacy related to ERISA preemption.[4]

Given this knowledge and experience, ERIC offers a distinct vantage point that it believes will be of value to the Court as it considers whether ERISA preempts the challenged provisions of

---

[2] *See, e.g.*, Letter to Committee on Education and the Workforce (March 15, 20124), https://www.eric.org/wp-content/uploads/2024/03/ERISA-RFI-Response-FINAL-3-14-24.pdf; ERIC Advocacy (last visited January 7, 2025), https://www.eric.org/advocacy-litigation/.
[3] *See, e.g.*, ERIC Testimony (last visited January 7, 2025), https://www.eric.org/advocacy-litigation/testimony/ (highlighting testimony from ERIC representatives).
[4] *See, e.g.*, ERIC Protecting ERISA Preemption (last visited January 7, 2025), https://www.eric.org/protecting-erisa-preemption/.

4

the Tennessee Law as applied to self-insured plans. ERIC regularly participates as *amicus* in cases involving ERISA preemption, so-called "any willing provider" laws, and other state attempts to regulate employer-sponsored health benefit plans. *See, e.g.*, *Pharm. Care Mgmt. Ass'n v. Mulready*, 78 F.4th 1183 (10th Cir. 2023), *pet. for cert. filed*, No. 23-1213 (May 10, 2024); *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, 938 F.3d 246 (5th Cir. 2019). Courts have found ERIC's amicus participation helpful given its role and institutional knowledge about plan design, plan administration and fiduciary practice. *See, e.g.*, *Dialysis Newco, Inc.*, 938 F.3d at 250; *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 558 F.3d 1000, 1009 (9th Cir. 2009) (dissent); *Kistler v. Stanley Black & Decker, Inc.*, No. 3:22-CV-966 (SRU), 2023 WL 1827734, at *2 (D. Conn. Jan. 25, 2023) (granting leave for ERIC to file *amicus* brief in ERISA matter because "ERIC [] may also provide a unique and helpful perspective because [it has] broad employer memberships and represent those 'employers in their capacity as sponsors of employee benefit plans.'"); *Beldock v. Microsoft Corp.*, No. C22-1082JLR, 2022 WL 17551138, at *1 (W.D. Wash. Dec. 9, 2022) (granting group including ERIC leave to file *amicus* brief because it brings a "unique perspective[] that may help the court decide the legal questions at issue . . ."). ERIC has also filed complaints on behalf of its members to challenge state laws on grounds that they are preempted by ERISA. *See, e.g., The ERISA Industry Committee, et al. v. MN Dept, of Comm., et al.*, No. 24-cv-04639 (D. Minn.); *The ERISA Industry Committee v. City of Seattle,* No. 18-cv-1188 (W.D. Wash.); *The ERISA Industry Committee v. Asaro-Angelo*, No. 3:20-cv-10094 (D.N.J.).

ERIC's *amicus* brief will therefore "contribute in clear and distinct ways" to the Court's analysis. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 764 (7th Cir. 2020) (granting *amicus* motion for leave to file); *see also Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) (an *amicus* brief may

assist the court "by…explain[ing] the impact a potential holding might have on an industry or other group") (quotation marks omitted).

For these reasons, ERIC respectfully requests that the Court grant it leave to participate as *amicus curiae* and accept the proposed *amicus* brief, which accompanies this motion as Exhibit A.

Dated: January 7, 2025

Respectfully submitted,

*/s/ Deborah S. Davidson*
Deborah S. Davidson (*Pro Hac Vice pending*)
Thomas H. Severson (*Pro Hac Vice forthcoming*)
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: 312.324.1000
Fax: 312.324.1001
deborah.davidson@morganlewis.com
tom.severson@morganlewis.com

John G. Ferreira (*Pro Hac Vice forthcoming*)
Morgan, Lewis & Bockius LLP
One Oxford Centre, 32nd Floor
Pittsburgh, PA 15219-6401
Telephone: 412.560.3300
Fax: 412.560.7001
john.ferreira@morganlewis.com

*Counsel for Proposed Amicus Curiae The ERISA Industry Committee*

6

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Tennessee by using the court's CM/ECF system on January 7, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

Dated: January 7, 2025

/s/ Deborah S. Davidson

Deborah S. Davidson
Morgan, Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: 312.324.1000
Fax: 312.324.1001
deborah.davidson@morganlewis.com

*Counsel for Proposed Amicus Curiae The ERISA Industry Committee*