# EXHIBIT B



# State of Tennessee

## PUBLIC CHAPTER NO. 1070

### HOUSE BILL NO. 2661

**By Mr. Speaker Sexton, Representatives Cepicky, Hawk, Terry, Bricken, Sherrell, Russell, Byrd, Hazlewood, Howell, Lynn, White, Todd, Helton**

**Substituted for: Senate Bill No. 2458**

**By Mr. Speaker McNally, Senators Reeves, Yager, Haile, Crowe, Gardenhire**

AN ACT to amend Tennessee Code Annotated, Title 4; Title 10, Chapter 7, Part 5; Title 38; Title 53; Title 56; Title 63 and Title 71, relative to pharmacy benefits managers.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF TENNESSEE:

SECTION 1. Tennessee Code Annotated, Section 56-7-3206(c), is amended by deleting the subsection and substituting:

(1) Notwithstanding any law to the contrary, a pharmacy benefits manager shall not reimburse a contracted pharmacy for a prescription drug or device an amount that is less than the actual cost to that pharmacy for the prescription drug or device.

(2)

(A) A pharmacy benefits manager shall establish a process for a pharmacy to appeal a reimbursement for failing to pay at least the actual cost to the pharmacy for the prescription drug or device.

(B) A covered entity's or pharmacy benefits manager's appeals process established pursuant to subdivision (c)(2)(A) must:

(i) Be approved by the commissioner of commerce and insurance;

(ii) Comply with the timing and notice requirements of § 56-7-3108 and such other requirements as the commissioner of commerce and insurance may establish by rule; and

(iii) Permit a pharmacy or its designated agent to file an appeal using the standard appeal form described in subdivision (c)(2)(D).

(C) If a pharmacy chooses to contest a reimbursement for failing to pay at least the actual cost the pharmacy incurred for a particular drug or medical product or device, then the pharmacy has the right to designate a pharmacy services administrative organization or other agent to file and handle its appeal.

(D) The commissioner of commerce and insurance shall create and make available to pharmacy benefits managers and covered entities a standard form to be used by a pharmacy or its designated agent to file an appeal pursuant to this subdivision (c)(2) with a pharmacy benefits manager or covered entity.

(3)

(A) If a pharmacy or agent acting on behalf of a pharmacy prevails in an appeal provided for in this subsection (c), then within seven (7) business days after notice of the appeal is received by the pharmacy benefits manager or covered entity, the pharmacy benefits manager or covered entity shall:

(i) Make the necessary change to the challenged rate of reimbursement or actual cost;

(ii) If the product involved in the appeal is a drug, then provide to the pharmacy or agent the national drug code number for the drug on which the change is based;

(iii) Permit the challenging pharmacy to reverse and rebill the claim upon which the appeal is based;

(iv) Pay or waive the cost of any transaction fee required to reverse and rebill the claim;

(v) Reimburse the pharmacy at least the pharmacy's actual cost for the prescription drug or device; and

(vi) Apply the findings from the appeal as to the rate of reimbursement and actual cost for the particular drug or medical product or device to other similarly situated pharmacies.

(B) It is a violation of this subsection (c) if, after an appeal in which a pharmacy or agent acting on behalf of a pharmacy prevails, a pharmacy benefits manager or covered entity fails to reimburse the pharmacy at least actual cost.

(C) As used in subdivision (c)(3)(A)(vi), "similarly situated" means a pharmacy:

(i) That is in any of the pharmacy benefits manager's networks;

(ii) That purchases the particular drug or medical product or device to which the finding applies from the same pharmaceutical wholesaler as the pharmacy that prevailed in the appeal; and

(iii) To which the pharmacy benefits manager also applies the challenged rate of reimbursement or actual cost.

(4) If a pharmacy or agent acting on behalf of a pharmacy loses or is denied an appeal provided for in this section, then:

(A) If the product associated with the national drug code number or unique device identifier is available at a cost that is less than the challenged rate of reimbursement from a pharmaceutical wholesaler in this state, then within seven (7) business days after notice of the appeal is received by the pharmacy benefits manager or covered entity, the pharmacy benefits manager or covered entity shall provide the appealing pharmacy or agent with:

(i) The name of the national or regional pharmaceutical wholesalers operating in this state that have the particular drug or medical product or device currently in stock at a price that is less than the amount of the challenged rate of reimbursement; and

(ii)

(*a*) If the product involved in the appeal is a drug, then the national drug code number for the drug; or

(*b*) If the product involved is a medical device, then the unique device identifier for the device; and

(B) If the product associated with the national drug code number or unique device identifier is not available at a cost that is less than the challenged rate of reimbursement from the pharmaceutical wholesaler from whom the pharmacy purchases the majority of prescription pharmaceutical products for resale, then the pharmacy benefits manager shall adjust the challenged rate of reimbursement to an amount equal to or greater than the appealing pharmacy's actual cost and permit the pharmacy to reverse and rebill each claim affected by the inability to procure the pharmaceutical product at a cost that is equal to or

less than the previously challenged rate of reimbursement. The pharmacy benefits manager shall pay or waive the cost of any transaction fee required to reverse and rebill the claim.

SECTION 2. Tennessee Code Annotated, Section 56-7-3206, is amended by deleting subsection (d) and substituting:

(d)

(1) Subsection (c) does not apply to a pharmacy benefits manager when utilizing a reimbursement methodology that is identical to the methodology provided for in the state plan for medical assistance approved by the federal centers for medicare and medicaid services.

(2) If a pharmacy benefits manager utilizes a reimbursement methodology that is identical to the methodology provided for in the state plan for medical assistance approved by the federal centers for medicare and medicaid services, then the pharmacy benefits manager shall establish a process for a pharmacy to appeal a reimbursement paid at average acquisition cost and receive an adjusted payment by providing valid and reliable evidence that the reimbursement does not pay at least the actual cost to the pharmacy for the prescription drug or device.

(e) A pharmacy benefits manager shall not include within the amount calculated to reimburse a pharmacy for actual cost pursuant to subsection (c) the amount of any professional dispensing fee that is payable to the pharmacy.

(f) A pharmacy benefits manager shall pay a professional dispensing fee at a rate that is not less than the amount paid by the TennCare program to a pharmacy, if:

(1) The pharmacy dispenses a prescription drug or device pursuant to an agreement with the pharmacy benefits manager or a covered entity; and

(2) The pharmacy's annual prescription volume is at a level that, if the pharmacy were a TennCare-participating ambulatory pharmacy, would qualify the pharmacy for the enhanced amount of professional dispensing fee for a low-volume pharmacy under the operative version of the Division of TennCare Pharmacy Provider Manual, or a successor manual.

(g)

(1) The commissioner of commerce and insurance is authorized to promulgate rules to effectuate the purposes of this section. The rules must be promulgated in accordance with the Uniform Administrative Procedures Act, compiled in title 4, chapter 5.

(2) The commissioner shall institute an external appeals process for any appeal denied by a pharmacy benefits manager.

(h) As used in this section:

(1) "Actual cost":

(A) Means the amount a pharmacy paid as evidenced by documentation that includes, but is not limited to, the invoice price minus discounts, price concessions, rebates, or other reductions; and

(B) As used in subdivision (h)(1)(A), "discounts, price concessions, rebates, or other reductions" do not include a cash discount; and

(2) "Allowed amount" means the cost of a prescription drug or device after applying pharmacy benefits manager or covered entity pricing discounts available at the time of the prescription claim transaction.

HB2661

SECTION 3. Tennessee Code Annotated, Section 56-7-3102(1), is amended by deleting the subdivision and substituting:

(1) "Covered entity":

(A) Means an individual or entity that provides health coverage to covered individuals who are employed or reside in this state, and includes, but is not limited to:

(i) A health insurance issuer;

(ii) A managed health insurance issuer, as defined in § 56-32-128(a);

(iii) A nonprofit hospital;

(iv) A medication service organization;

(v) An insurer;

(vi) A health coverage plan;

(vii) A health maintenance organization licensed to practice pursuant to this title;

(viii) A health program administered by this state or its political subdivisions, including the TennCare programs administered pursuant to the waivers approved by the United States department of health and human services;

(ix) A nonprofit insurance company;

(x) A prepaid plan;

(xi) A self-insured entity;

(xii) Plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.); and

(xiii) An employer, labor union, or other group of persons organized in this state; and

(B) Does not include:

(i) A health plan that provides coverage only for accidental injury, specified disease, hospital indemnity, medicare supplement, disability income, or other long-term care; or

(ii) A plan subject to regulation under medicare part D;

SECTION 4. Tennessee Code Annotated, Section 56-7-3102(5), is amended by deleting "self-insured entities, and" and substituting "self-insured entities, plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.), and".

SECTION 5. Tennessee Code Annotated, Section 56-7-3120, is amended by deleting subsection (b) and substituting:

(b) A pharmacy benefits manager or a covered entity shall not:

(1) Interfere with the right of a patient, participant, or beneficiary to choose a contracted pharmacy or contracted provider of choice in a manner that violates § 56-7-2359; or

(2) Offer financial or other incentives to a patient, participant, or beneficiary to persuade the patient, participant, or beneficiary to utilize a

pharmacy owned by or financially beneficial to the pharmacy benefits manager or covered entity.

SECTION 6. Tennessee Code Annotated, Title 56, Chapter 7, Part 31, is amended by adding the following as new subsections:

(a) A pharmacy benefits manager shall allow patients, participants, and beneficiaries of the pharmacy benefits plans and programs that the pharmacy benefits manager serves to utilize any pharmacy within this state that is licensed to dispense the prescription pharmaceutical product that the patient, participant, or beneficiary seeks to fill, as long as the pharmacy is willing to accept the same terms and conditions that the pharmacy benefits manager has established for at least one (1) of the networks of pharmacies that the pharmacy benefits manager has established to serve patients, participants, and beneficiaries within this state.

(b) A pharmacy benefits manager may establish a preferred network of pharmacies and a non-preferred network of pharmacies. The pharmacy benefits manager shall not prohibit a pharmacy from participating in either type of network within this state as long as the pharmacy is licensed by this state and the federal government and willing to accept the same terms and conditions that the pharmacy benefits manager has established for other pharmacies participating within the network that the pharmacy wishes to join.

(c) A pharmacy benefits manager shall not charge a patient, participant, or beneficiary of a pharmacy benefits plan or program that the pharmacy benefits manager serves a different copayment obligation or additional fee, or provide any inducement or financial incentive, for using any pharmacy within a given network of pharmacies established by the pharmacy benefits manager to serve patients, participants, and beneficiaries within this state.

SECTION 7. Tennessee Code Annotated, Title 56, Chapter 7, Part 31, is amended by adding the following as a new section:

Notwithstanding another law, this part applies to plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.).

SECTION 8. Tennessee Code Annotated, Title 56, Chapter 7, Part 32, is amended by adding the following as a new section:

Notwithstanding another law, this part applies to plans governed by the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 et seq.).

SECTION 9. Tennessee Code Annotated, Title 56, Chapter 7, Part 31, is amended by adding the following as new subsections:

(a) Except as provided in subsection (b), any information obtained or produced by the department pursuant to an audit of a pharmacy benefits manager is confidential, is not a public record subject to disclosure, and is exempt from title 10, chapter 7.

(b) Audit findings by the department based upon a completed audit of a pharmacy benefits manager are public records subject to public disclosure by the department.

SECTION 10. Tennessee Code Annotated, Title 56, Chapter 7, Part 32, is amended by adding the following as a new section:

A violation of this part may subject the pharmacy benefits manager or covered entity to the sanctions described in § 56-2-305.

SECTION 11. If any provision of this act or its application to any person or circumstance is held invalid, then the invalidity does not affect other provisions or applications of the act that can be given effect without the invalid provision or application, and to that end, the provisions of this act are severable.

**HB2661**

SECTION 12. For the purpose of promulgating rules, this act takes effect upon becoming a law, the public welfare requiring it. For all other purposes, this act takes effect January 1, 2023, the public welfare requiring it, and applies to policies, plans, contracts, and agreements that are entered into, amended, or renewed to take effect on or after that date.

HOUSE BILL NO. 2661

PASSED: April 27, 2022

_[signature]_
CAMERON SEXTON, SPEAKER
HOUSE OF REPRESENTATIVES

_[signature]_
RANDY MCNALLY
SPEAKER OF THE SENATE

APPROVED this 25th day of May 2022

_[signature]_
BILL LEE, GOVERNOR